# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL NOE**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 2018 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| **R.R. DONNELLEY & SONS,** | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant R.R. Donnelley & Sons' ("Donnelley") motion to compel discovery responses from Plaintiff Michael Noe ("Noe"). Noe brought this suit against Donnelley, his former employer, alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, common law retaliation, and the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*. According to Noe, Donnelley terminated him in July, 2007 and then rehired him after he notified his employer that he had been absent on approved FMLA leave. In April, 2008, however, Noe was again terminated, after which he initiated this lawsuit.

Donnelley subsequently issued its first set of interrogatories and documents seeking, in part, information related to any medical or psychological treatment that Noe received for emotional distress allegedly caused by Donnelley's acts. Noe declined to produce the requested information on the ground that it is privileged and that he has not waived the privilege because his emotional distress allegations constitute only a "garden variety" claim. Donnelley subsequently brought the instant motion seeking the production of evidence on a range of issues.

On February 23, 2011, the Court granted Donnelley's motion in part and denied it in part but declined to rule on requests related to the emotional distress claim until Noe proffered testimony on that issue. Based on a careful review of Noe's proffer and Donnelley's response, the Court finds that Donnelley's motion to compel should be denied on this issue.

In his proffer of testimony, Noe states that he was worried about losing his job for several months before his April, 2008 termination because of bad performance reviews and other write-ups he received, even though his absences were allegedly covered by the FMLA. These worries continued for several months after his termination, as increased financial pressures led him to wonder how he could make ends meet. Despite these anxieties, however, Noe states that he will testify at trial that he never sought treatment for himself from a psychiatrist or took any medication for a psychological condition, and he will not present any expert testimony or mental-health records to support his claim for emotional distress damages. Accordingly, Noe argues, he alleges only a garden variety distress claim that does not waive the psychotherapist-patient privilege.

The Court agrees with this analysis. Federal courts recognize a privilege between a patient and a "licensed psychotherapist." *Jaffe v. Richmond*, 518 U.S. 1, 15 (1996). Like all testimonial privileges, a plaintiff can waive the protections that attach to psychological treatment. *See id.* at 15 n.14. "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). As a number of courts in this Circuit have recognized, however, the psychotherapist-patient relationship is not waived when a plaintiff does not intend at trial to offer evidence of consultations with a psychotherapist or rely on expert

testimony concerning the distress allegedly caused by a defendant's actions. *See*, *e.g.*, *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 529 (N.D. Ill. 1999); *Adams v. Ardcor*, 196 F.R.D. 339, 344 (E.D. Wis. 2000) ("Given the importance of the interests advanced by the psychotherapist patient privilege, the court does not deem it proper to find a waiver based solely upon the inclusion of a request for damages based on emotional distress."); *Taylor v. ABT Electronics, Inc*., No. 05 C 576, 2007 WL 1455842, at *2 (N.D. Ill. May 14, 2007) (noting that garden variety distress damages are not medically based "but rather compensation for humiliation, embarrassment, and similar emotions"); *Santos v. The Boeing Co*., No. 02 C 9310, 2003 WL 23162439, at *1 (N.D. Ill. Oct. 21, 2003) ("The fact that Santos seeks damages for emotional distress does not in itself justify allowing Boeing to pry into Santos' mental health records.").

Donnelley argues that the facts involved here are distinguishable from those in *Hucko* because the plaintiff in that case was required to submit his mental health records to the District Court for *in camera* review and that by not doing so here, Noe is attempting to thwart the discovery process. (Reply at 3.) While the court did conduct an *in camera* review in *Hucko*, as Donnelley states, its finding that the psychotherapist-patient privilege had not been waived was not based on that review. As the court noted, it determined that no waiver arose because the plaintiff unequivocally stated that he would not offer evidence of psychological treatment or other expert testimony regarding his emotional distress. *Hucko*, 185 F.R.D. at 529 ("[P]laintiff has not waived the privilege in the communications that the defendants seeks [sic] to obtain because he has not taken the affirmative step in the litigation to place that diagnosis or treatment in issue.") (internal quote omitted). Accordingly, Donnelley has not shown any meaningful distinction between the facts of this case and those in *Hucko*.

Donnelley also argues that discovery is warranted because Noe's mental health records are relevant to his claim and that by invoking a privilege Noe is attempting to "substitute the evidentiary rules for the discovery rules." (Reply at 3.) The fact that evidence may be relevant, however, does not automatically require its production when a privilege applies. Federal Rule of Civil Procedure 26 explicitly distinguishes between relevance and privilege by stating that the "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). Indeed, privileges often protect information that is relevant to the litigants' dispute. *See United States v. BDO Seidman*, 337 F.3d 802, 810-11 (7th Cir. 2003) (discussing the attorney-client privilege). As such, no evidence supports Donnelley's claim that Noe is attempting to side-step the normal discovery process in this case in order to protect evidence that should otherwise be disclosed.

Donnelley further argues that Noe's proffer that he did not consult a psychiatrist fatally conflicts with his deposition testimony that he saw a "therapist." (Def's. Resp. at 2.) The record, however, does not show any conflict between Noe's proffer and statements made at his deposition. In his proffer, Noe states that he will testify that he never sought treatment from a psychiatrist. Noe was asked in his deposition if anyone at Donnelley had ever recommended that he seek "counseling," and in response, Noe testified that he had met with a person named Nancy Merbitz. (Def.'s Mot., Ex. D at 183-84.) Nothing in the record suggests that Ms. Merbitz is a psychiatrist – a medical doctor – or even a licensed psychotherapist.[1] Noe does not state in his

---

[1] *Jaffee* only protects the relationship between a patient and a "licensed psychotherapist." *Jaffee*, 518 U.S. at 15. Donnelley does not argue that Merbitz does not fall within this category, nor does it ask the Court to conduct an *in camera* review to determine whether a privilege actually exists. Instead, Donnelley's argument assumes that a privilege applies but that Noe "has
(continued...)

proffer that he never saw a "counselor" or a mental health professional; he only states that he never consulted a psychiatrist and that he will not offer evidence related to any medical or psychological treatment related to his emotional distress claim. Accordingly, no conflict exists between Noe's proffer and deposition testimony.

For these reasons, the Court finds that Noe's allegations concerning emotional harm constitute a garden variety distress claim that does not place his psychological state at issue in such a way that would waive the psychotherapist-patient privilege. Thus, Noe is not required to disclose records concerning any psychological treatment he may have received as a result of his termination by Donnelley, and the Motion to Compel Discovery [Dckt. 27] is denied on this issue.

**ENTER ORDER:**

**Dated:** April 12, 2011.

                **MARTIN C. ASHMAN**
                United States Magistrate Judge

---

[1](...continued) waived any privilege and privacy interests he may have had relating to the same." (Def's. Mot. at 4.). Donnelley's only reference to an *in camera* review alleges that Noe has refused to allow the Court to conduct a confidential review of his medical records, (Reply at 3), but the Court is unaware of any evidence supporting this claim.